IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-282-FDW

| | |
|---|---|
| LARRY R. TART, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| VICKIE SELLERS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983.[1]

## I.  BACKGROUND

Pro se Plaintiff Larry R. Tart is a state court inmate currently incarcerated at Mountainview Correctional Institution ("Mountainview") in Spruce Pine, North Carolina. On April 26, 2013, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, naming as Defendants Vickie Sellers, identified as a Second Shift Corrections Sergeant at Mountainview; Michael Slagle, identified as a Corrections Administrator at Mountainview; and FNU Jobe, identified as a Corrections Officer at Mountainview.[2] (Doc. No. 1 at 3-4). Plaintiff alleges that on January 3, 2013, when another inmate began approaching Plaintiff to sexually assault him,

---

[1] Plaintiff originally filed this action in the Eastern District of North Carolina, and that Court transferred the action to this Court on October 23, 2013, after granting Plaintiff's motion to proceed in forma pauperis. See (Doc. Nos. 8; 13).

[2] A letter from the State of North Carolina Inmate Grievance Resolution Board dated April 10, 2013, indicates that Plaintiff exhausted his administrative remedies before bringing this action. See (Doc. No. 6-1).

-1-

Plaintiff defended himself by "slapp[ing] fire out of" the other inmate. (Id. at 4). Plaintiff alleges that he was subsequently disciplined for assaulting the other inmate by being placed in administrative segregation for fifteen days, by being either fined or losing wages in the amount of $10.00, and by being placed under certain restrictions for thirty days, and that the other inmate was never charged with a disciplinary infraction. (Id. at 4-5). Plaintiff alleges that non-party Chad Greene served Plaintiff with "papers" while Plaintiff was being held in administrative segregation, and that Greene told Plaintiff that Plaintiff would receive an "A" charge if he did not plead guilty to assaulting the other inmate. (Id. at 5). Plaintiff alleges that prison staff knew from the other inmate's past behavior that the other inmate would sooner or later attack another prisoner. (Id.). Plaintiff alleges that other inmates who witnessed the altercation saw that the other inmate was the aggressor, but that Defendants Sellers and Jobe refused to interview these witnesses, despite Plaintiff's request for them to do so. (Id.). Plaintiff alleges that Defendant Sellers "never asked me one single thing after the attempted assault; I was humiliated, handcuffed, and escorted to the 'hole,' . . . 'no questions asked.'" (Id. at 6). Plaintiff also alleges that video surveillance showed that the other inmate was the aggressor. (Id.). Plaintiff alleges that various federal constitutional rights, including his rights to due process and equal protection and his right not to be subjected to cruel and unusual punishment, were violated because Defendants failed to properly investigate the allegations against Plaintiff due to Defendants' "racial bias" and "discrimination." (Id. at 7).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Court will dismiss the Complaint for failure to state a claim. First, with regard to Defendant Slagle, Plaintiff does not allege any personal involvement against Defendant Slagle, aside from the vague allegation that Slagle failed to investigate adequately the allegations against Plaintiff. This is not enough to state a federal constitutional claim against Defendant Slagle, as a Section 1983 claim for supervisory liability may not rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

Next, as to Plaintiff's Fourteenth Amendment due process claim against Defendants Sellers and Jobe, Plaintiff alleges that these Defendants conducted a "shoddy investigation" due

to their "racial bias" and "discrimination." Plaintiff also specifically alleges, however, that he did plead guilty to the charges brought against him.³ A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction results in the deprivation of an inmate's "life, liberty, or property" by the governmental action. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). Plaintiff alleges that as a result of his guilty plea to assaulting the other inmate, he "lost $10.00"; received "15-day hole time"; and was restricted for thirty days from performing certain activities. Plaintiff has not shown that the disciplinary proceeding against him, and the charges to which he pled guilty, will inevitably affect the duration of his sentence, or that he has suffered an atypical and significant hardship in relation to the ordinary incidents of prison life. For instance, he has not alleged that the disciplinary proceedings against him have resulted in a loss of good-time credits. See Wolff v. McDonnell, 418 U.S. 539 (1974); see also Lucas v. Ruth, No. 1:10-2465-TWL-SVH, 2011 WL 1831754, at *3 (D.S.C. Feb. 15, 2011) ("The fact that [the investigating officer] believed facts presented by [the defendant guard] over Plaintiff's testimony does not state a due process claim under Wolff"). Moreover, to the extent that Plaintiff is complaining that he lost his work privileges as a result of the conviction, prisoners have no entitlement to, or a protected interest in, prison employment. See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.

---

³ Although Plaintiff alleges that he was "coerced" into pleading guilty by a non-party identified as "Chad Greene," Plaintiff does not allege that any of the individually named Defendants "coerced" him into pleading guilty.

1978).  Thus, the Court will dismiss Plaintiff's Fourteenth Amendment due process claim.

Plaintiff also brings a blanket allegation that Defendants violated his Eighth Amendment right not to be subjected to cruel and unusual punishment.  To state an Eighth Amendment claim for cruel and unusual punishment based on conditions of confinement, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need—that is, one causing serious physical or emotional injury—and (2) that prison officials were deliberately indifferent to that need.  See Farmer v. Brennan, 511 U.S. 825 (1994); Wilson v. Seiter, 501 U.S. 294, 198 (1991).  To meet the first prong, Plaintiff must allege facts sufficient to show that the condition complained of was a "sufficiently serious" deprivation of a basic human need.  Farmer, 511 U.S. at 834 (citing Wilson, 501 U.S. at 298).  Only extreme deprivations will state an Eighth Amendment claim, and it is Plaintiff's burden to allege facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in serious or significant physical or emotional injury.  Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993).  To meet the second prong, Plaintiff must allege facts sufficient to show that Defendants were deliberately indifferent to the fact that a "substantial risk of serious harm" was posed to Plaintiff's health and safety.  Farmer, 511 U.S. at 837.  Here, Plaintiff fails to meet either prong of the test for cruel and unusual punishment.  Thus, the Court will dismiss Plaintiff's Eighth Amendment claim for cruel and unusual punishment.

Finally, Plaintiff alleges that his "equal protection" rights were violated because Defendant Sellers and the inmate who allegedly tried to sexually assault Plaintiff are both white, and Plaintiff contends that the other inmate therefore "play[ed] on [Plaintiff's] sensitivity."

Although he does not allege as such, Plaintiff is presumably not white. (Doc. No. 1 at 6). Racial discrimination in prison against prison inmates is prohibited by the Fourteenth Amendment's equal protection clause, as incorporated through the Fifth Amendment's due process clause. See Hollingsworth v. Wagoner, No. 90-6783, 1990 WL 187125, at *1 (4th Cir. 1990) (unpublished) (citing Davis v. Passman, 442 U.S. 228 (1979)); see also Rivers v. Royster, 360 F.2d 592 (4th Cir. 1966). To state a claim for an equal protection violation in a prison setting, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). See also Johnson v. California, 543 U.S. 499 (2005) (holding that to state a cognizable equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination against a class of inmates which included plaintiff). To meet this requirement, Plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003). Plaintiff's conclusory allegation that Defendants failed to conduct an adequate investigation because of their own racial bias is not enough to state a claim for a violation of a Plaintiff's equal protection rights. Thus, the Court will dismiss Plaintiff's equal protection claim.

## IV. CONCLUSION

For the reasons stated herein, the Complaint is dismissed for failure to state a claim against any of the Defendants.

**IT IS, THEREFORE, ORDERED that:**

1. The Court has conducted its initial review and finds that the Complaint will be

dismissed for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); § 1915A.

Signed: November 1, 2013

Frank D. Whitney
Chief United States District Judge