UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-282-FDW

| | |
|---|---|
| LARRY R. TART, )<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>VICKIE SELLERS, et al., )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on pro Plaintiff's "Motion A.B.A. Rule's Violations: Recommendations of Disciplinary Proceedings: 2R83.1(A)(B) and LR 83.10c(A)(B)," (Doc. No. 30).

Pro se Plaintiff Larry R. Tart is a state court inmate currently incarcerated at Mountainview Correctional Institution ("Mountainview") in Spruce Pine, North Carolina. On April 26, 2013, Plaintiff this action pursuant to 42 U.S.C. § 1983, naming as Defendants Vickie Sellers, identified as a Second Shift Corrections Sergeant at Mountainview; Michael Slagle, identified as a Corrections Administrator at Mountainview; and FNU Jobe, identified as a Corrections Officer at Mountainview. (Doc. No. 1 at 3-4). Plaintiff brought various constitutional claims based on an incident occurring on January 3, 2013, when Plaintiff alleges that he was disciplined after another inmate approached Plaintiff to sexually assault him, and Plaintiff defended himself by "slapp[ing] fire out of" the other inmate. (Id. at 4). In an Order dated November 4, 2013, on initial review, this Court dismissed Plaintiff's action for failure to state a claim. (Doc. No. 14).

1

On December 26, 2013, Plaintiff filed the pending "Motion A.B.A. Rule's Violations: Recommendations of Disciplinary Proceedings: 2R83.1(A)(B) and LR 83.10c(A)(B)," which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

In support of his motion, Plaintiff makes vague and nonsensical allegations, such as his statement that the North Carolina Disciplinary Commission Board should investigate instances of this Court's "misconduct of Professional Responsibilities," "conspiracy," "racial bias," "arbitrary abuses of discretion," and "nepotism." (Doc. No. 30 at 1-2). Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law.

Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion A.B.A. Rule's Violations: Recommendations of Disciplinary Proceedings: 2R83.1(A)(B) and LR 83.10c(A)(B)," (Doc. No. 30), is **DENIED**.

Signed: January 8, 2014

Frank D. Whitney
Chief United States District Judge